NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| LAMONT RIDLEY, | : : : : : : : : : : : : | Civil No. 10-6361 (RBK)<br><br>**OPINION** |
| Petitioner, |  |  |
| v. |  |  |
| UNITED STATES OF AMERICA |  |  |
| Respondent. |  |  |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Lamont Ridley ("Petitioner") under 28 U.S.C. § 2255 to set aside, correct, or vacate his sentence. Petitioner, a federal inmate proceeding *pro se*, seeks relief based on two claims of ineffective assistance of counsel. For the reasons stated herein, the Court will deny Petitioner's motion.

**I.     BACKGROUND**

**A.     Facts and Procedural History**

Petitioner is currently incarcerated at the Federal Corrections Institution at Fairton, New Jersey. On August 3, 2007, he was served with a criminal complaint charging him with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. *United States v. Lamont Ridley*, Crim. No. 08-190 (RBK), Doc. No. 1.[1] He made an initial appearance before the Honorable Joel Schneider on August 13, 2007

---

[1] Unless otherwise noted, all subsequent references to CM/ECF Document Numbers ("Doc. No.") will refer to entries in Petitioner's underlying criminal case, No. 08-190.

1

at which point he was ordered remanded to custody of the United States Marshals (Doc. No. 4). Petitioner was represented by Assistant Federal Public Defender Lori Koch for the initial appearance only (Doc. No. 5) but as litigation in his case proceeded, Ms. Koch remained as Petitioner's counsel (Doc. No. 11). In this capacity, Ms. Koch made three joint applications along with the United States for orders of continuance. Judge Schneider signed each of these orders (Doc. Nos. 8, 12, 13). Each order acknowledged that Petitioner had the right under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, to have the criminal matter against him submitted to a grand jury within thirty days of the date of his initial appearance. *E.g.*, Doc. No. 8. It further stated that Petitioner and the United States were currently in the process of plea negotiations and, in order to serve the ends of justice, Petitioner, through counsel, had agreed to waive his thirty-day grand jury right under the Speedy Trial Act in order to engage further in the plea bargaining process. *Id.* Each of the three orders granted a sixty day continuance: first from August 20, 2007 until October 22, 2007 (Doc. No. 8); second from October 22, 2007 until December 21, 2007 (Doc. No. 12); finally from December 21, 2007 until February 21, 2008 (Doc. No. 13). Each time, Petitioner, through counsel, agreed to waive certain of his rights under the Speedy Trial Act in order to pursue plea negotiations. Then, on March 11, 2008, a grand jury sitting in Camden, New Jersey returned a one-count Indictment against Petitioner (Doc. No. 14).

One of Petitioner's alleged co-conspirators, Ralph Davis, also made an initial appearance before Judge Schneider in his related case on August 28, 2007. *United States v. Ralph Davis*, Crim. No. 08-377 (RBK), Doc. No. 5. At that proceeding, Judge Schneider entered an order appointing Assistant Federal Public Defender Thomas Young to represent Mr. Davis for purposes of the initial appearance only. No. 08-377, Doc. No. 6. Later that same day, however, an order went into effect appointing Jeremy D. Frey, of the law firm Pepper Hamilton, LLP, to

replace Mr. Young as Mr. Davis's counsel. No. 08-377, Doc. No. 8. Finally, some months later, in February 2008, George H. Newman replaced Mr. Frey and proceeded to represented Mr. Davis for the remainder of the proceedings in that criminal case. No. 08-377, Doc. No. 16.

**B.   Petitioner's Claims for Relief**

In support of his motion to set aside his sentence, Petitioner sets forth two arguments. First, he claims he was denied effective assistance of counsel in violation of his rights under the Sixth Amendment. Specifically, he claims his counsel was ineffective because she did not file a motion to dismiss his case under the Speedy Trial Act. Petitioner Br. 5. He further contends that he would never have pled guilty to the charges filed against him if he had known that they could simply have been dismissed by the filing of a simple pretrial motion. *See id.* at 7.

Petitioner's second argument in support of his motion is that he was denied effective assistance of counsel because of a conflict of interest. The first conflict of interest allegedly arose because both he and his co-conspirator Ralph Davis were represented at their initial appearance by attorneys at the Federal Public Defender's office. *Id.* at 8. There was a second conflict of interest, Petitioner continues, when his first attorney, Ms. Koch resigned from the case, and Mr. Young (who had represented Mr. Davis at his initial appearance) took over on December 19, 2008. *Id.* Petitioner claims that Mr. Young actively represented both him and Mr. Davis at the same time. *Id.* Finally, Petitioner asserts that alleged conflict of interest adversely impacted him because they resulted in no attorney filing a Speedy Trial Act dismissal motion on his behalf.

**II.   ANALYSIS**

28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the validity of his sentence. *Accord Morelli v. United States*, 285 F. Supp. 2d 454, 458 (D.N.J. 2003). The

prisoner has the right to be released if his sentence was imposed in violation of the Constitution. *See* 28 U.S.C. § 2255. Such relief is generally available only if the petitioner can establish "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Deluca*, 889 F.2d 503, 506 (3d Cir. 1989).

Petitioner here argues that his Sixth Amendment right to effective assistance of counsel was violated. To establish such a violation, a person must establish two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
>
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). As to the first element, one way to show deficient performance is to demonstrate that counsel representing the prisoner had an actual conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). This requires a showing that counsel "actively represented conflicting interests." *Id.* at 350. As to the second element, prejudice to the defendant will arise only if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." *Id.*

In this case, looking, as it must, to "all the circumstances" surrounding Petitioner's representation in the above-referenced criminal proceeding, *Grant*, 709 F.3d at 232, the Court finds that Petitioner has wholly failed to establish an ineffective assistance of counsel claim.

First, there is no merit to his claim that counsel was ineffective for failing to file a Speedy Trial Act motion.  Petitioner had his initial appearance on August 13, 2007; starting from that day, he enjoyed the right to have an information or indictment filed against him within thirty days.  *See* 18 U.S.C. § 3161(b).  On August, 20, 2007, however, Petitioner, through counsel, agreed to waive this right for a sixty-day period in order to pursue plea negotiations with the government (Doc. No. 8).  A second, and then a third sixty-day continuance, including the same waiver, followed immediately upon the expiration of the first one (Doc. Nos. 12, 13).  Each order engaged in the obligatory "ends of justice" analysis required under the Speedy Trial Act, and Petitioner does not attack the validity of these orders in his motion.  *See* 18 U.S.C. § 3161(h)(7)(A) (requiring the court to set forth either orally or in writing "its reasons for finding that the ends of justice served by granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial").  Thus, the 180 total days covered by the orders are excluded in computing the thirty-day period within which the government was obliged to indict Petitioner after his initial appearance.  *See id.*

The third continuance order expired February 21, 2008, and Petitioner was indicted on March 11, 2008.  Doc. Nos. 13, 14.  Thus, adding the seven-day time period between Petitioner's initial appearance and the entry of the first continuance order to the nineteen-day time period between the expiration of the third continuance order and the grand jury indictment yields a total of twenty-six days.  Accordingly, had counsel filed a Speedy Trial Act motion on Petitioner's behalf, the Court would most certainly have rejected it out of hand.  For this reason, there is no basis to claim that counsel committed an error "so serious that [she] was not functioning as the

'counsel' guaranteed the Petitioner by the Sixth Amendment." *See Strickland*, 466 U.S. at 687.[2] Petitioner's § 2255 motion cannot therefore be granted on this basis.

With respect to Petitioner's conflict of interest allegations, the Court finds no evidence to support this claim. That is, there is no evidence that either of the two attorneys who represented Petitioner ever "actively represented conflicting interests." *See Cuyler*, 446 U.S. at 350. First, while it is true that two attorneys from the Federal Public Defenders office, Ms. Koch and Mr. Young, represented both Petitioner and his alleged co-conspirator Mr. Davis, respectively, that arrangement lasted for a negligible amount of time. Ms. Koch represented Petitioner from August 13, 2007 until she was replaced by Mr. Young on December 19, 2008 (Doc. Nos. 5, 34). Mr. Young's entire representation of Mr. Davis, however, lasted exactly *fifteen minutes*, as it was limited to Mr. Davis's "initial appearance only" on August 28, 2007. No. 08-377, Doc. No. 6 (Order appointing Federal Public Defender). Immediately after this initial appearance, Jeremy Frey, of the law firm Pepper Hamilton, LLP took over Mr. Davis's representation. No. 08-377, Doc. No. 8 (Order appointing Jeremy Frey for Ralph Davis, taking effect on August 28, 2007). Under these circumstances, it cannot be said that lawyers from the same office were engaged in simultaneous *active* representation of clients with adverse interests, as the overlap in their representation lasted only fifteen minutes and involved a rather perfunctory initial appearance proceeding. *See Cuyler*, 446 U.S. at 350.[3] Nor can Petitioner articulate what prejudice he sufferance by this circumstance. Thus, the Court cannot grant Petitioner relief on this basis.

III. CONCLUSION

---

[2] For the same reason that a Speedy Trial Act motion would have surely been unsuccessful if filed during pendency of Petitioner's criminal proceeding, the Court finds that there is no "reasonable probability" that, had the motion been filed, the result of Petitioner's case would have been different. *See Strickland*, 466 U.S. at 694.

[3] Similarly, given Mr. Young's extremely limited involvement in representing Mr. Davis, his taking over as counsel for Petitioner did not give rise to any conflict of interest that would support a viable ineffective assistance of counsel claim under § 2255.

For the reasons stated above, the Court will deny Petitioner's motion for relief from his sentence under 28 U.S.C. § 2255.  An appropriate order shall issue today.


Dated:   8/27/2013             /s/ Robert B. Kugler             
                              ROBERT B. KUGLER
                              United States District Judge